## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ELIE P. AZAR; WHITE WOLF CAPITAL GROUP, INC. (DE); WHITE WOLF CAPITAL GROUP, LLC (DE); WHITE WOLF CAPITAL GROUP LLC (FL); WHITE WOLF CAPITAL, LLC (NY); WHITE WOLF CAPITAL, LLC (DE); WHITE WOLF CAPITAL LLC (FL); WWC OPERATIONS LLC (DE); WHITE WOLF CAPITAL MANAGEMENT LLC (NY); WHITE WOLF CAPITAL MANAGEMENT LLC (DE); WHITE WOLF CAPITAL MANAGEMENT LLC (FL); WHITE WOLF PARTNERS, LLC (NY); WHITE WOLF PARTNERS, LLC (DE); WHITE WOLF PRIVATE EQUITY PARTNERS, LLC (DE); WHITE WOLF CAPITAL PARTNERS, LLC (NY); WHITE WOLF CAPITAL PARTNERS LLC (DE); WHITE WOLF CAPITAL PARTNERS, LLC (FL); WHITE WOLF CAPITAL MEZZANINE PARTNERS, LLC (DE); WHITE WOLF CAPITAL SPECIAL SITUATIONS, LLC (DE); WHITE WOLF, LLC (DE); WHITE WOLF LLC (FL); WHITE WOLF CAPITAL ADVISORS LLC (DE); WHITE WOLF PRIVATE EQUITY MANAGEMENT, LLC (DE); WHITE WOLF PRIVATE EQUITY MANAGEMENT, LLC (FL); WHITE WOLF PRIVATE CREDIT MANAGEMENT, LLC (DE); WHITE WOLF PRIVATE CREDIT MANAGEMENT, LLC (FL); WHITE WOLF PRIVATE CREDIT PARTNERS LLC (DE); WHITE WOLF BUSINESS CAPITAL LLC (DE); WHITE WOLF INVESTMENTS, LLC (DE); WHITE WOLF PRIVATE EQUITY, LLC (DE); WHITE WOLF PRIVATE EQUITY LLC (FL); WHITE WOLF PRIVATE CREDIT, LLC (DE); WHITE | Case No.<br><br>**JURY TRIAL DEMANDED** |

1

WOLF PRIVATE CREDIT LLC (FL);
WHITE WOLF CAPITAL CANADA, INC.
(CANADA); WHITE WOLF PRIVATE
CREDIT PARTNERS LLC (DE); WHITE
WOLF CAPITAL INVESTMENT
PARTNERS I, LLC (DE); WHITE WOLF
CAPITAL INVESTMENT PARTNERS II,
LLC (DE); WWCIP III, LLC (DE); WWCIP
IV, LLC (DE); WWCIP V, LLC (DE);
WWCIP VI, LLC (DE); WWCIP VII, LLC
(DE); WWCIP VIII LLC (DE); WWCIP IX
LLC (DE); WWCIP II GP, LLC (DE);
WWCIP III GP, LLC (DE); WWCIP IV GP,
LLC (DE); WWCIP V GP, LLC (DE);
WWCIP V INSTITUTIONAL, LLC (DE);
WWCIP V INSTITUTIONAL II, LLC (DE);
WWCIP V INSTITUTIONAL GP LLC,
(DE); WWCIP VI GP, LLC (DE); WWCIP
VI INSTITUTIONAL I, LLC (DE); WWCIP
VI INSTITUTIONAL I GP, LLC (DE);
WWCIP VII GP, LLC (DE); WHITEWOLF
CAPITAL MEZZANINE PARTNERS I,
LLC (DE); WWCIP IX GP, LLC (DE);
WWCIP X, LLC (DE); WHITE WOLF
PRIVATE CREDIT OPPORTUNITIES, LP
(DE); WWCIP I INSTITUTIONAL, LLC
(DE); WWCIP X GP, LLC (DE); WWPEP
CANADA GP INC. (CANADA); WWPEM
CANADA INC. (CANADA); WWPEP
CANADA LP (CANADA); WWPEO GP,
LLC (DE); WHITE WOLF PRIVATE
EQUITY OPPORTUNITIES LP (DE);
WWCIP I GP, LLC (DE);

       Plaintiffs,

v.

White Wolf Enterprises, LLC,

       Defendant.

2

## COMPLAINT FOR
## PERMANENT INJUNCTION AND DAMAGES

For its complaint against White Wolf Enterprises, LLC ("**Defendant**"), Plaintiff ELIE P. AZAR ("**Mr. Azar**"); and White Wolf Capital Group, Inc. (DE); White Wolf Capital Group, LLC (DE); White Wolf Capital Group LLC (FL); White Wolf Capital, LLC (NY); White Wolf Capital, LLC (DE); White Wolf Capital LLC (FL); WWC Operations LLC (DE); White Wolf Capital Management LLC (NY); White Wolf Capital Management LLC (DE); White Wolf Capital Management LLC (FL); White Wolf Partners, LLC (NY); White Wolf Partners, LLC (DE); White Wolf Private Equity Partners, LLC (DE); White Wolf Capital Partners, LLC (NY); White Wolf Capital Partners LLC (DE); White Wolf Capital Partners, LLC (FL); White Wolf Capital Mezzanine Partners, LLC (DE); White Wolf Capital Special Situations, LLC (DE); White Wolf, LLC (DE); White Wolf LLC (FL); White Wolf Capital Advisors LLC (DE); White Wolf Private Equity Management, LLC (DE); White Wolf Private Equity Management, LLC (FL); White Wolf Private Credit Management, LLC (DE); White Wolf Private Credit Management, LLC (FL); White Wolf Private Credit Partners LLC (DE); White Wolf Business Capital LLC (DE); White Wolf Investments, LLC (DE); White Wolf Private Equity, LLC (DE); White Wolf Private Equity LLC (FL); White Wolf Private Credit, LLC (DE); White Wolf Private Credit LLC (FL); White Wolf Capital Canada, INC. (CANADA); White Wolf Capital Investment Partners I, LLC (DE); White Wolf Capital Investment Partners II, LLC (DE); WWCIP III, LLC (DE); WWCIP IV, LLC (DE); WWCIP V, LLC (DE); WWCIP VI, LLC (DE); WWCIP VII, LLC (DE); WWCIP VIII LLC (DE); WWCIP IX LLC (DE); WWCIP II GP, LLC (DE); WWCIP III GP, LLC (DE); WWCIP IV GP, LLC (DE); WWCIP V GP, LLC (DE); WWCIP V Institutional, LLC (DE); WWCIP V Institutional II, LLC (DE); WWCIP V Institutional GP LLC, (DE); WWCIP VI GP,  LLC (DE); WWCIP VI Institutional I, LLC (DE); WWCIP VI Institutional I GP, LLC (DE); WWCIP VII GP,

3

LLC (DE); White Wolf Capital Mezzanine Partners I, LLC (DE); WWCIP IX GP, LLC (DE); WWCIP X, LLC (DE); White Wolf Private Credit Opportunities, LP (DE); WWCIP I Institutional, LLC (DE); WWCIP X GP, LLC (DE); WWPEP Canada GP Inc. (CANADA); WWPEM Canada Inc. (CANADA); WWPEP Canada LP (CANADA); WWPEO GP, LLC (DE); White Wolf Private Equity Opportunities LP (DE); WWCIP I GP, LLC (DE) ("**Licensee Plaintiffs**" and, together with Mr. Azar, "**Plaintiffs**") state as follows:

## INTRODUCTION

Elie Azar is the owner and sole shareholder of White Wolf Capital LLC, a financial and investment services company that, through its affiliated entities and the Licensee Plaintiffs, provides varied services, including financial asset management services and financial services relating to commercial properties. When it came to Plaintiffs' attention that Defendant was operating a company with a confusingly similar name in what appears to be a similar industry, Plaintiffs informed Defendant of the confusion and demanded that it change its name to avoid infringing on Plaintiffs' rights. Despite personal service on Defendant, Defendant has refused to admit that Plaintiffs' demand letter was received and, in subsequent communication by phone, has refused to change the name of the entity.

## NATURE OF THE ACTION

1. This action arises from Defendant's use of the name White Wolf Enterprise LLC, which is not authorized by Plaintiffs and is being used in violation of Plaintiffs' federal and common law service mark and trade name rights.

2. Defendant's use of the term "White Wolf" in connection with its services has and is confusing consumers concerning the source of services offered by Plaintiffs.

4

3.      Plaintiffs assert unfair competition and service mark infringement claims under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and Florida state and common law.

**THE PARTIES**

4.      Plaintiff, Elie Azar, is an individual having a principal residence at 601 Brickell Key Drive, Suite 700, Miami, FL 33131.  Mr. Azar is a citizen of Florida.

5.      Mr. Azar is the founder and sole shareholder of Plaintiff White Wolf Capital Group, Inc. ("WWCGI").  WWCGI is a corporation organized and existing under the laws of the State of Delaware and has a principal place of business of 601 Brickell Key Drive, Suite 700, Miami, Florida 33131.

6.      WWCGI has been providing financial and investment services since 2011 and currently has offices in Miami, Florida, USA; Chicago, Illinois, USA; and Montréal, Québec, Canada.

7.      WWCGI's financial and investment services include services involving private investment and acquisition-related activities, namely, investment of funds of others and investment management; financial services, namely, private equity investment services, investing in securities and other financial instruments of companies including debt and equity, financial services related to corporate acquisitions, expansions, restructurings and buyouts, namely, business valuation services, financing services, due diligence, structuring and transaction advisory services; investment management services, investment advisory services, financial asset management services and loan origination services (hereinafter referred to collectively as the "**WHITEWOLF Services**").

8.      The Licensee Plaintiffs are licensees of the White Wolf Service Marks as detailed below at paragraphs 49 through 247.

9.     The Licensee Plaintiffs are organized under the laws of Delaware, Florida, New York, and/or Canada.

10.     The Licensee Plaintiffs have obtained Mr. Azar's consent to join him in bringing this lawsuit as required by the license agreement.

11.     Upon information and belief, Defendant White Wolf Enterprises LLC is a limited liability company organized and existing under the laws of the State of Florida.

12.     Upon information and belief, White Wolf Enterprises LLC operates its business in Miami, Florida.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction over the claims asserted in this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, and 1338(a) and (b).

14.     This Court also has jurisdiction over the related state and common law claims pursuant to at least 28 U.S.C. § 1338(b) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

15.     This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant is organized in this State and Defendant is authorized to transact business in this State and District, and Defendant engages in other systematic and continuous contacts in this State and District.

16.     Further, upon information and belief, Defendant has committed acts of service mark infringement and unfair competition in this State and District that have caused harm to Plaintiffs here.

17.     Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(b)(1) and 1391(c)(2) in that Defendant maintains its principal place of business in this district.

## FACTUAL BACKGROUND

**The WHITEWOLF® Intellectual Property**

***The WHITEWOLF® Service Marks***

18.     Mr. Azar is the owner of U.S. Service Mark Registration No. 3,967,222 for the WHITEWOLF® mark (the "**WHITEWOLF® Mark**").

19.     The application for the WHITEWOLF® mark issued as a federal registration on May 24, 2011 for use with the WHITEWOLF Services.

20.     The registration for the WHITEWOLF® mark confirms that the mark was first used in commerce and first used in interstate commerce at least as early as January 15, 2011.

21.     Mr. Azar has used the WHITEWOLF® mark in interstate commerce continuously since at least as early as January 15, 2011.

22.     The registration for the WHITEWOLF® mark is incontestable.

23.     The registration for the WHITEWOLF® mark is in use, valid, and in full force and effect.

24.     A true and accurate copy of the federal registration certificate for the WHITEWOLF® mark is attached hereto as Exhibit A.

25.     Mr. Azar is the owner of U.S. Service Mark Registration No. 4,164,159 for the WHITEWOLF CAPITAL LLC and Design® mark (the "**WHITEWOLF CAPITAL LLC and Design ® Mark**") that appears immediately below:



26.     The application for the WHITEWOLF CAPITAL LLC and Design® Mark issued as a federal registration on June 26, 2012 for use with the WHITEWOLF Services.

27.     The registration for the WHITEWOLF CAPITAL LLC and Design® Mark confirms that the mark was first used in commerce and first used in interstate commerce at least as early as January 15, 2011.

28.     Mr. Azar has used the WHITEWOLF CAPITAL LLC and Design® Mark in interstate commerce continuously since at least as early as January 15, 2011.

29.     The registration for the WHITEWOLF CAPITAL LLC and Design® Mark is incontestable.

30.     The registration for the WHITEWOLF CAPITAL LLC and Design® Mark is in use, valid, and in full force and effect.

31.     A true and accurate copy of the federal registration certificate for the WHITEWOLF CAPITAL LLC and Design® Mark is attached hereto as Exhibit B.

32.     Mr. Azar is the owner of U.S. Service Mark Registration No. 4,548,626 for the WHITEWOLF CAPITAL PARTNERS LLC and Design® mark (the "**WHITEWOLF CAPITAL PARTNERS LLC and Design® Mark**") that appears immediately below:



33.     The application for the WHITEWOLF CAPITAL PARTNERS LLC and Design® Mark issued as a federal registration on June 10, 2014 for use with the WHITEWOLF Services.

34.     The registration for the WHITEWOLF CAPITAL PARTNERS LLC and Design® Mark confirms that the mark was first used in commerce at least as early as January 2010 and first used in interstate commerce at least as early as July 2012.

35.     Mr. Azar has used the WHITEWOLF CAPITAL PARTNERS LLC and Design®
Mark in interstate commerce continuously since at least as early as July 2012.

36.     The registration for the WHITEWOLF CAPITAL PARTNERS LLC and Design®
Mark is incontestable.

37.     The registration for the WHITEWOLF CAPITAL PARTNERS LLC and Design®
Mark is in use, valid, and in full force and effect.

38.     A true and accurate copy of the federal registration certificate for the
WHITEWOLF CAPITAL PARTNERS LLC and Design® Mark is attached hereto as Exhibit C.

39.     Mr. Azar is the owner of U.S. Service Mark Registration No. 4,720,640 for the
WHITEWOLF CAPITAL MANAGEMENT LLC and Design® Mark (the "**WHITEWOLF
CAPITAL MANAGEMENT LLC and Design® mark**") that appears immediately below:



40.     The application for the WHITEWOLF CAPITAL MANAGEMENT LLC and
Design® Mark issued as a federal registration on April 14, 2015 for use with the WHITEWOLF
Services.

41.     The registration for the WHITEWOLF CAPITAL MANAGEMENT LLC and
Design® Mark confirms that the mark was first used in commerce and first used in interstate
commerce at least as early as June 1, 2014.

42.     Mr. Azar has used the WHITEWOLF CAPITAL MANAGEMENT LLC and
Design® Mark in interstate commerce continuously since at least as early as June 1, 2014.

43.     The registration for the WHITEWOLF CAPITAL MANAGEMENT LLC and
Design® Mark is incontestable.

44.     The above listed registrations are in use, are valid, and are in full force and effect.

45.     The registration for the WHITEWOLF CAPITAL PARTNERS LLC and Design®
Mark is in use, valid, and in full force and effect.

46.     A true and accurate copy of the federal registration certificate for the
WHITEWOLF CAPITAL PARTNERS LLC and Design® Mark is attached hereto as Exhibit D.

47.     The WHITEWOLF Registrations and the common law rights in the marks that are
the subject of the WHITEWOLF Registrations are hereinafter referred to collectively as the
"**WHITEWOLF® Service Marks**."

48.     The WHITEWOLF® Service Marks are used in interstate commerce to identify the
source of Plaintiff's performance of the WHITEWOLF Services.

### The WHITEWOLF® Trade Names and Licensees

49.     Mr. Azar uses the trade name White Wolf Business Capital LLC in connection with
the performance of the WHITEWOLF Services.

50.     WHITE WOLF BUSINESS CAPITAL LLC was formed in the State of Delaware
on July 20, 2020.

51.     WHITE WOLF BUSINESS CAPITAL LLC is a licensee of the WHITEWOLF®
Service Marks as of July 20, 2020.

52.     Mr. Azar uses the trade name WHITE WOLF CAPITAL ADVISORS LLC in
connection with the performance of the WHITEWOLF Services.

53.     WHITE WOLF CAPITAL ADVISORS LLC was formed in the State of Delaware
on September 14, 2020.

54.     WHITE WOLF CAPITAL ADVISORS LLC is a licensee of the WHITEWOLF®
Service Marks as of September 14, 2020.

55.    Mr. Azar uses the trade name WHITE WOLF CAPITAL GROUP, INC. in connection with the performance of the WHITEWOLF Services.

56.    WHITE WOLF CAPITAL GROUP, INC. was incorporated in the State of Delaware on November 23, 2020.

57.    WHITE WOLF CAPITAL GROUP, INC. is a licensee of the WHITEWOLF® Service Marks as of November 23, 2020.

58.    Mr. Azar uses the trade name White Wolf Capital Group, LLC in connection with the performance of the WHITEWOLF Services.

59.    WHITE WOLF CAPITAL GROUP, LLC was formed in the State of Delaware on July 11, 2017.

60.    WHITE WOLF CAPITAL GROUP, LLC is a licensee of the WHITEWOLF® Service Marks as of July 11, 2017.

61.    Mr. Azar uses the trade name WHITE WOLF CAPITAL INVESTMENT PARTNERS I, LLC in connection with the performance of the WHITEWOLF Services.

62.    WHITE WOLF CAPITAL INVESTMENT PARTNERS I, LLC was formed in the State of Delaware on February 8, 2012.

63.    WHITE WOLF CAPITAL INVESTMENT PARTNERS I, LLC is a licensee of the WHITEWOLF® Service Marks as of February 8, 2012.

64.    Mr. Azar uses the trade name WHITE WOLF CAPITAL INVESTMENT PARTNERS II, LLC in connection with the performance of the WHITEWOLF Services.

65.    WHITE WOLF CAPITAL INVESTMENT PARTNERS II, LLC was formed in the State of Delaware on June 1, 2012.

11

66.     WHITE WOLF CAPITAL INVESTMENT PARTNERS II, LLC is a licensee of the WHITEWOLF® Service Marks as of June 1, 2012.

67.     Mr. Azar uses the trade name WHITE WOLF CAPITAL, LLC in connection with the performance of the WHITEWOLF Services.

68.     WHITE WOLF CAPITAL, LLC was formed in the State of Delaware on January 14, 2011.

69.     WHITE WOLF CAPITAL, LLC is a licensee of the WHITEWOLF® Service Marks as of January 14, 2011.

70.     Mr. Azar uses the trade name WWC OPERATIONS LLC in connection with the performance of the WHITEWOLF Services.

71.     WWC OPERATIONS LLC was formed in the State of Delaware on November 10, 2018.

72.     WWC OPERATIONS LLC is a licensee of the WHITEWOLF® Service Marks as of November 10, 2018.

73.     Mr. Azar uses the trade name WHITE WOLF CAPITAL MANAGEMENT LLC in connection with the performance of the WHITEWOLF Services.

74.     WHITE WOLF CAPITAL MANAGEMENT LLC was formed in the State of Delaware on January 15, 2013.

75.     WHITE WOLF CAPITAL MANAGEMENT LLC is a licensee of the WHITEWOLF® Service Marks as of January 15, 2013.

76.     Mr. Azar uses the trade name WHITE WOLF CAPITAL MEZZANINE PARTNERS, LLC in connection with the performance of the WHITEWOLF Services.

77.    WHITE WOLF CAPITAL MEZZANINE PARTNERS, LLC was formed in the State of Delaware on February 1, 2016.

78.    WHITE WOLF CAPITAL MEZZANINE PARTNERS, LLC is a licensee of the WHITEWOLF® Service Marks nunc pro tunc as of the date of its formation.

79.    Mr. Azar uses the trade name WHITE WOLF CAPITAL MEZZANINE PARTNERS I, LLC in connection with the performance of the WHITEWOLF Services.

80.    WHITE WOLF CAPITAL MEZZANINE PARTNERS I, LLC was formed in the State of Delaware on May 21, 2013.

81.    WHITE WOLF CAPITAL MEZZANINE PARTNERS I, LLC is a licensee of the WHITEWOLF® Service Marks nunc pro tunc as of the date of its formation.

82.    Mr. Azar uses the trade name WHITE WOLF CAPITAL PARTNERS LLC in connection with the performance of the WHITEWOLF Services.

83.    WHITE WOLF CAPITAL PARTNERS LLC was formed in the State of Delaware on July 11, 2012.

84.    WHITE WOLF CAPITAL PARTNERS LLC is a licensee of the WHITEWOLF® Service Marks as of July 11, 2012.

85.    Mr. Azar uses the trade name WHITE WOLF CAPITAL SPECIAL SITUATIONS, LLC in connection with the performance of the WHITEWOLF Services.

86.    WHITE WOLF CAPITAL SPECIAL SITUATIONS, LLC was formed in the State of Delaware on February 1, 2016.

87.    WHITE WOLF CAPITAL SPECIAL SITUATIONS, LLC is a licensee of the WHITEWOLF® Service Marks nunc pro tunc as of the date of its formation..

13

88.     Mr. Azar uses the trade name WHITE WOLF INVESTMENTS, LLC in connection with the performance of the WHITEWOLF Services.

89.     WHITE WOLF INVESTMENTS, LLC was formed in the State of Delaware on November 23, 2020.

90.     WHITE WOLF INVESTMENTS, LLC is a licensee of the WHITEWOLF® Service Marks as of November 23, 2020.

91.     Mr. Azar uses the trade name WHITE WOLF, LLC in connection with the performance of the WHITEWOLF Services.

92.     WHITE WOLF, LLC was formed in the State of Delaware on May 12, 2020.

93.     WHITE WOLF, LLC is a licensee of the WHITEWOLF® Service Marks as of May 12, 2020.

94.     Mr. Azar uses the trade name WHITE WOLF PARTNERS, LLC in connection with the performance of the WHITEWOLF Services.

95.     WHITE WOLF PARTNERS, LLC was formed in the State of Delaware on January 2, 2015.

96.     WHITE WOLF PARTNERS, LLC is a licensee of the WHITEWOLF® Service Marks as of January 9, 2015.

97.     Mr. Azar uses the trade name WHITE WOLF PRIVATE CREDIT, LLC in connection with the performance of the WHITEWOLF Services.

98.     WHITE WOLF PRIVATE CREDIT, LLC was formed in the State of Delaware on December 17, 2020.

99.     WHITE WOLF PRIVATE CREDIT, LLC is a licensee of the WHITEWOLF® Service Marks as of December 17, 2020.

100.    Mr. Azar uses the trade name WHITE WOLF PRIVATE CREDIT MANAGEMENT, LLC in connection with the performance of the WHITEWOLF Services.

101.    WHITE WOLF PRIVATE CREDIT MANAGEMENT, LLC was formed in the State of Delaware on October 8, 2020.

102.    WHITE WOLF PRIVATE CREDIT MANAGEMENT, LLC is a licensee of the WHITEWOLF® Service Marks as of October 8, 2020.

103.    Mr. Azar uses the trade name WHITE WOLF PRIVATE CREDIT PARTNERS LLC in connection with the performance of the WHITEWOLF Services.

104.    WHITE WOLF PRIVATE CREDIT PARTNERS LLC was formed in the State of Delaware on July 20, 2020.

105.    WHITE WOLF PRIVATE CREDIT PARTNERS LLC is a licensee of the WHITEWOLF® Service Marks as of July 20, 2020.

106.    Mr. Azar uses the trade name WHITE WOLF PRIVATE EQUITY, LLC in connection with the performance of the WHITEWOLF Services.

107.    WHITE WOLF PRIVATE EQUITY, LLC was formed in the State of Delaware on December 17, 2020.

108.    WHITE WOLF PRIVATE EQUITY, LLC is a licensee of the WHITEWOLF® Service Marks as of December 17, 2020.

109.    Mr. Azar uses the trade name WHITE WOLF PRIVATE EQUITY MANAGEMENT, LLC in connection with the performance of the WHITEWOLF Services.

110.    WHITE WOLF PRIVATE EQUITY MANAGEMENT, LLC was formed in the State of Delaware on October 8, 2020.

111.    WHITE WOLF PRIVATE EQUITY MANAGEMENT, LLC is a licensee of the WHITEWOLF® Service Marks as of October 8, 2020.

112.    Mr. Azar uses the trade name WHITE WOLF PRIVATE EQUITY PARTNERS, LLC in connection with the performance of the WHITEWOLF Services.

113.    WHITE WOLF PRIVATE EQUITY PARTNERS, LLC was formed in the State of Delaware on January 11, 2018.

114.    WHITE WOLF PRIVATE EQUITY PARTNERS, LLC is a licensee of the WHITEWOLF® Service Marks as of January 11, 2018.

115.    Mr. Azar uses the trade name WWCIP II GP, LLC in connection with the performance of the WHITEWOLF Services.

116.    WWCIP II GP, LLC was formed in the State of Delaware on July 9, 2013.

117.    WWCIP II GP, LLC is a licensee of the WHITEWOLF® Service Marks as of July 9, 2013.

118.    Mr. Azar uses the trade name WWCIP III GP, LLC in connection with the performance of the WHITEWOLF Services.

119.    WWCIP III GP, LLC was formed in the State of Delaware on February 9, 2015.

120.    WWCIP III GP, LLC is a licensee of the WHITEWOLF® Service Marks as of February 9, 2015.

121.    Mr. Azar uses the trade name WWCIP III, LLC in connection with the performance of the WHITEWOLF Services.

122.    WWCIP III, LLC was formed in the State of Delaware on January 2, 2015.

123.    WWCIP III, LLC is a licensee of the WHITEWOLF® Service Marks as of January 2, 2015.

16

124.     Mr. Azar uses the trade name WWCIP IV GP, LLC in connection with the performance of the WHITEWOLF Services.

125.     WWCIP IV GP, LLC was formed in the State of Delaware on February 1, 2016.

126.     WWCIP IV GP, LLC is a licensee of the WHITEWOLF® Service Marks as of February 1, 2016.

127.     Mr. Azar uses the trade name WWCIP IV, LLC in connection with the performance of the WHITEWOLF Services.

128.     WWCIP IV, LLC was formed in the State of Delaware on November 25, 2015.

129.     WWCIP IV, LLC is a licensee of the WHITEWOLF® Service Marks as of November 25, 2015.

130.     Mr. Azar uses the trade name WWCIP V GP, LLC in connection with the performance of the WHITEWOLF Services.

131.     WWCIP V GP, LLC was formed in the State of Delaware on April 19, 2016.

132.     WWCIP V GP, LLC is a licensee of the WHITEWOLF® Service Marks as of April 19, 2016.

133.     Mr. Azar uses the trade name WWCIP V, LLC in connection with the performance of the WHITEWOLF Services.

134.     WWCIP V, LLC was formed in the State of Delaware on April 19, 2016.

135.     WWCIP V, LLC is a licensee of the WHITEWOLF® Service Marks as of April 19, 2016.

136.     Mr. Azar uses the trade name WWCIP V INSTITUTIONAL, LLC in connection with the performance of the WHITEWOLF Services.

137.    WWCIP V INSTITUTIONAL, LLC was formed in the State of Delaware on April 16, 2018.

138.    WWCIP V INSTITUTIONAL, LLC is a licensee of the WHITEWOLF® Service Marks as of April 16, 2018.

139.    Mr. Azar uses the trade name WWCIP V INSTITUTIONAL GP, LLC in connection with the performance of the WHITEWOLF Services.

140.    WWCIP V INSTITUTIONAL GP, LLC was formed in the State of Delaware on July 12, 2018.

141.    WWCIP V INSTITUTIONAL GP, LLC is a licensee of the WHITEWOLF® Service Marks as of July 12, 2018.

142.    Mr. Azar uses the trade name WWCIP V INSTITUTIONAL II, LLC in connection with the performance of the WHITEWOLF Services.

143.    WWCIP V INSTITUTIONAL II, LLC was formed in the State of Delaware on November 8, 2018.

144.    WWCIP V INSTITUTIONAL II, LLC is a licensee of the WHITEWOLF® Service Marks as of November 8, 2018.

145.    Mr. Azar uses the trade name WWCIP VI INSTITUTIONAL I GP, LLC in connection with the performance of the WHITEWOLF Services.

146.    WWCIP VI INSTITUTIONAL I GP, LLC was formed in the State of Delaware on March 8, 2019.

147.    WWCIP VI INSTITUTIONAL I GP, LLC is a licensee of the WHITEWOLF® Service Marks as of March 8, 2019.

18

148.   Mr. Azar uses the trade name WWCIP VI INSTITUTIONAL I, LLC in connection with the performance of the WHITEWOLF Services.

149.   WWCIP VI INSTITUTIONAL I, LLC was formed in the State of Delaware on March 8, 2019.

150.   WWCIP VI INSTITUTIONAL I, LLC is a licensee of the WHITEWOLF® Service Marks as of March 8, 2019.

151.   Mr. Azar uses the trade name WWCIP VI GP, LLC in connection with the performance of the WHITEWOLF Services.

152.   WWCIP VI GP, LLC was formed in the State of Delaware on August 22, 2016.

153.   WWCIP VI GP, LLC is a licensee of the WHITEWOLF® Service Marks as of August 22, 2016.

154.   Mr. Azar uses the trade name WWCIP VI, LLC in connection with the performance of the WHITEWOLF Services.

155.   WWCIP VI, LLC was formed in the State of Delaware on August 22, 2016.

156.   WWCIP VI, LLC is a licensee of the WHITEWOLF® Service Marks as of August 22, 2016.

157.   Mr. Azar uses the trade name WWCIP VII GP, LLC in connection with the performance of the WHITEWOLF Services.

158.   WWCIP VII GP, LLC was formed in the State of Delaware on May 15, 2017.

159.   WWCIP VII GP, LLC is a licensee of the WHITEWOLF® Service Marks as of May 15, 2017.

160.   Mr. Azar uses the trade name WWCIP VII, LLC in connection with the performance of the WHITEWOLF Services.

161.    WWCIP VII, LLC was formed in the State of Delaware on February 28, 2017.

162.    WWCIP VII, LLC is a licensee of the WHITEWOLF® Service Marks as of February 28, 2017.

163.    Mr. Azar uses the trade name WWCIP VIII LLC in connection with the performance of the WHITEWOLF Services.

164.    WWCIP VIII LLC was formed in the State of Delaware on November 8, 2019.

165.    WWCIP VIII LLC is a licensee of the WHITEWOLF® Service Marks as of November 8, 2019.

166.    Mr. Azar uses the trade name WWCIP IX LLC in connection with the performance of the WHITEWOLF Services.

167.    WWCIP IX LLC was formed in the State of Delaware on September 4, 2020.

168.    WWCIP IX LLC is a licensee of the WHITEWOLF® Service Marks as of September 4, 2020.

169.    Mr. Azar uses the trade name WWCIP IX GP, LLC in connection with the performance of the WHITEWOLF Services.

170.    WWCIP IX GP, LLC was formed in the State of Delaware on January 19, 2021.

171.    WWCIP IX GP, LLC is a licensee of the WHITEWOLF® Service Marks as of January 19, 2021.

172.    Mr. Azar uses the trade name WWCIP X, LLC in connection with the performance of the WHITEWOLF Services.

173.    WWCIP X, LLC was formed in the State of Delaware on April 5, 2021.

174.    WWCIP X, LLC is a licensee of the WHITEWOLF® Service Marks as of April 5, 2021.

175.   Mr. Azar uses the trade name WHITE WOLF PRIVATE CREDIT OPPORTUNITIES, LP in connection with the performance of the WHITEWOLF Services.

176.   WHITE WOLF PRIVATE CREDIT OPPORTUNITIES, LP was formed in the State of Delaware on April 8, 2021.

177.   WHITE WOLF PRIVATE CREDIT OPPORTUNITIES, LP is a licensee of the WHITEWOLF® Service Marks as of April 8, 2021.

178.   Mr. Azar uses the trade name WWCIP I INSTITUTIONAL, LLC in connection with the performance of the WHITEWOLF Services.

179.   WWCIP I INSTITUTIONAL, LLC was formed in the State of Delaware on May 17, 2021.

180.   WWCIP I INSTITUTIONAL, LLC is a licensee of the WHITEWOLF® Service Marks as of May 17, 2021.

181.   Mr. Azar uses the trade name WWCIP X GP, LLC in connection with the performance of the WHITEWOLF Services.

182.   WWCIP X GP, LLC was formed in the State of Delaware on May 17, 2021.

183.   WWCIP X GP, LLC is a licensee of the WHITEWOLF® Service Marks as of May 17, 2021.

184.   Mr. Azar uses the trade name WWPEO GP, LLC in connection with the performance of the WHITEWOLF Services.

185.   WWPEO GP, LLC was formed in the State of Delaware on August 2, 2021.

186.   WWPEO GP, LLC is a licensee of the WHITEWOLF® Service Marks as of August 2, 2021.

187.    Mr. Azar uses the trade name WHITE WOLF PRIVATE EQUITY OPPORTUNITIES LP in connection with the performance of the WHITEWOLF Services.

188.    WHITE WOLF PRIVATE EQUITY OPPORTUNITIES LP was formed in the State of Delaware on August 3, 2021.

189.    WHITE WOLF PRIVATE EQUITY OPPORTUNITIES LP is a licensee of the WHITEWOLF® Service Marks as of August 3, 2021.

190.    Mr. Azar uses the trade name WWCIP I GP, LLC in connection with the performance of the WHITEWOLF Services.

191.    WWCIP I GP, LLC was formed in the State of Delaware on August 11, 2021.

192.    WWCIP I GP, LLC is a licensee of the WHITEWOLF® Service Marks as of August 11, 2021.

193.    The foregoing Delaware companies are herein collectively referred to as the "**DELAWARE TRADE NAMES**".

194.    Mr. Azar uses the trade name WHITE WOLF CAPITAL LLC in connection with the performance of the WHITEWOLF Services.

195.    WHITE WOLF CAPITAL LLC was formed in the State of Florida on July 29, 2014.

196.    WHITE WOLF CAPITAL LLC is a licensee of the WHITEWOLF® Service Marks as of July 29, 2014.

197.    Mr. Azar uses the trade name WHITE WOLF CAPITAL MANAGEMENT LLC in connection with the performance of the WHITEWOLF Services.

198.    WHITE WOLF CAPITAL MANAGEMENT LLC was formed in the State of Florida on August 14, 2014.

199.    WHITE WOLF CAPITAL MANAGEMENT LLC is a licensee of the WHITEWOLF® Service Marks as of August 14, 2014.

200.    Mr. Azar uses the trade name WHITE WOLF CAPITAL GROUP LLC in connection with the performance of the WHITEWOLF Services.

201.    WHITE WOLF CAPITAL GROUP LLC was formed in the State of Florida on July 21, 2017.

202.    WHITE WOLF CAPITAL GROUP LLC is a licensee of the WHITEWOLF® Service Marks as of July 21, 2017.

203.    Mr. Azar uses the trade name WHITE WOLF CAPITAL PARTNERS, LLC in connection with the performance of the WHITEWOLF Services.

204.    WHITE WOLF CAPITAL PARTNERS, LLC was formed in the State of Florida on July 29, 2014.

205.    WHITE WOLF CAPITAL PARTNERS, LLC is a licensee of the WHITEWOLF® Service Marks as of July 29, 2014.

206.    Mr. Azar uses the trade name WHITE WOLF LLC in connection with the performance of the WHITEWOLF Services.

207.    WHITE WOLF LLC was formed in the State of Florida on May 14, 2020.

208.    WHITE WOLF LLC is a licensee of the WHITEWOLF® Service Marks as of May 14, 2020.

209.    Mr. Azar uses the trade name WHITE WOLF PRIVATE EQUITY MANAGEMENT, LLC in connection with the performance of the WHITEWOLF Services.

210.    WHITE WOLF PRIVATE EQUITY MANAGEMENT, LLC was formed in the State of Florida on October 8, 2020.

211.    WHITE WOLF PRIVATE EQUITY MANAGEMENT, LLC is a licensee of the WHITEWOLF® Service Marks as of October 8, 2020.

212.    Mr. Azar uses the trade name WHITE WOLF PRIVATE CREDIT MANAGEMENT, LLC in connection with the performance of the WHITEWOLF Services.

213.    WHITE WOLF PRIVATE CREDIT MANAGEMENT, LLC was formed in the State of Florida on October 8, 2020.

214.    WHITE WOLF PRIVATE CREDIT MANAGEMENT, LLC is a licensee of the WHITEWOLF® Service Marks as of October 8, 2020.

215.    Mr. Azar uses the trade name WHITE WOLF PRIVATE EQUITY LLC in connection with the performance of the WHITEWOLF Services.

216.    WHITE WOLF PRIVATE EQUITY LLC was formed in the State of Florida on December 17, 2020.

217.    WHITE WOLF PRIVATE EQUITY LLC is a licensee of the WHITEWOLF® Service Marks as of December 17, 2020.

218.    Mr. Azar uses the trade name WHITE WOLF PRIVATE CREDIT LLC in connection with the performance of the WHITEWOLF Services.

219.    WHITE WOLF PRIVATE CREDIT LLC was formed in the State of Florida on December 17, 2020.

220.    WHITE WOLF PRIVATE CREDIT LLC is a licensee of the WHITEWOLF® Service Marks as of December 17, 2020.

221.    The foregoing Florida companies are herein collectively referred to as the "**FLORIDA TRADE NAMES**".

222.    Mr. Azar uses the trade name WHITE WOLF CAPITAL, LLC in connection with the performance of the WHITEWOLF Services.

223.    WHITE WOLF CAPITAL, LLC was formed in the State of New York on August 3, 2009.

224.    WHITE WOLF CAPITAL, LLC is a licensee of the WHITEWOLF® Service Marks as of August 3, 2009.

225.    Mr. Azar uses the trade name WHITE WOLF CAPITAL PARTNERS, LLC in connection with the performance of the WHITEWOLF Services.

226.    WHITE WOLF CAPITAL PARTNERS, LLC was formed in the State of New York on August 12, 2009.

227.    WHITE WOLF CAPITAL PARTNERS, LLC is a licensee of the WHITEWOLF® Service Marks as of August 12, 2009.

228.    Mr. Azar uses the trade name WHITE WOLF CAPITAL MANAGEMENT LLC in connection with the performance of the WHITEWOLF Services.

229.    WHITE WOLF CAPITAL MANAGEMENT LLC was formed in the State of New York on August 12, 2009.

230.    WHITE WOLF CAPITAL MANAGEMENT LLC is a licensee of the WHITEWOLF® Service Marks as of August 12, 2009.

231.    Mr. Azar uses the trade name WHITE WOLF PARTNERS, LLC in connection with the performance of the WHITEWOLF Services.

232.    WHITE WOLF PARTNERS, LLC was formed in the State of New York on August 3, 2009.

233.    WHITE WOLF PARTNERS, LLC is a licensee of the WHITEWOLF® Service Marks as of August 3, 2009.

234.    The foregoing New York companies are herein collectively referred to as the "**NEW YORK TRADE NAMES**".  Mr. Azar uses the trade name WHITE WOLF CAPITAL CANADA, INC. in connection with the performance of the WHITEWOLF Services.

235.    WHITE WOLF CAPITAL CANADA, INC. was formed in Canada on December 14, 2020.

236.    WHITE WOLF CAPITAL CANADA, INC. is a licensee of the WHITEWOLF® Service Marks as of December 14, 2020.

237.    Mr. Azar uses the trade name WWPEP CANADA GP INC. in connection with the performance of the WHITEWOLF Services.

238.    WWPEP CANADA GP INC. was formed in Canada on July 30, 2021.

239.    WWPEP CANADA GP INC. is a licensee of the WHITEWOLF® Service Marks as of July 30, 2021.

240.    Mr. Azar uses the trade name WWPEM CANADA INC. in connection with the performance of the WHITEWOLF Services.

241.    WWPEM CANADA INC. was formed in Canada on July 30, 2021.

242.    WWPEM CANADA INC. is a licensee of the WHITEWOLF® Service Marks as of July 30, 2021.

243.    Mr. Azar uses the trade name WWPEP CANADA LP in connection with the performance of the WHITEWOLF Services.

244.    WWPEP CANADA LP was formed in Canada on July 30, 2021.

245.    WWPEP CANADA LP is a licensee of the WHITEWOLF® Service Marks as of July 30, 2021.

246.    The foregoing Canadian companies are herein collectively referred to as the "**CANADA TRADE NAMES**".

247.    The DELAWARE TRADE NAMES, FLORDIA TRADE NAMES, and NEW YORK TRADE NAMES are collectively referred to as the "**WHITEWOLF® Trade Names**".

248.    The WHITEWOLF® Trade Names are used in interstate commerce to identify Mr. Azar and the businesses that he operates offering the WHITEWOLF® Services.

249.    Plaintiffs have invested and continue to invest in advancing, promoting, and advertising the WHITEWOLF® Service Marks and the WHITEWOLF® Trade Names to identify the source of Plaintiffs' WHITEWOLF Services.

250.    Mr. Azar and the Licensee Plaintiffs therefore have established and continue to enjoy significant goodwill in the WHITEWOLF® Service Marks and the WHITEWOLF® Trade Names.

**DEFENDANT'S INFRINGEMENT**

251.    Upon information and belief, the White Wolf Enterprise LLC business entity was formed on or about October 9, 2020.

252.    A true and correct copy of the Electronic Articles of Organization for Defendant as a Florida Limited Liability Company is attached hereto as **Exhibit E**.

253.    Defendant is not authorized to use the WHITEWOLF® Service Marks.

254.    Defendant is not authorized to use the WHITEWOLF® Trade Names.

255.    The use of the WHITEWOLF® Service Marks and the WHITEWOLF® Trade Names by Defendant is likely to cause consumer confusion.

27

256.    On April 23, 2021, Mr. Azar sent a cease and desist letter to Defendant (the "First Cease and Desist").

257.    Attached hereto as **Exhibit F** is a true and correct copy of this April 23, 2021 cease and desist letter with its exhibit.

258.    The First Cease and Desist was delivered by FedEx overnight delivery.

259.    As a result, upon information and belief, Defendant has been on actual notice of the WHITEWOLF® marks and WHITEWOLF® trade names since at least as early as April 24, 2021.

260.    On July 26, 2021, Mr. Azar sent a second cease and desist letter to Defendant (the "Second Cease and Desist").

261.    The Second Cease and Desist was personally served on Defendant's Member and Registered Agent, Anthony Calvi.

262.    Attached here as **Exhibit G** is a true and correct copy of the Return of Service affirming that on August 2, 2021, Anthony Calvi was personally served with the Second Cease and Desist.

263.    On August 20, 2021, Anthony Calvi stated by phone that he had never received a copy of the First Cease and Desist nor the Second Cease Desist.

264.    Anthony Calvi further stated that he would not cease and desist use of the White Wolf name.

265.    Upon information and belief, Defendant intends to continue the above-detailed course of conduct unless otherwise restrained.

266.    Plaintiffs are suffering irreparable injury and has suffered substantial damage as a result of Defendant's activities.

267.    Plaintiffs have no adequate remedy at law.

<u>COUNT I</u>
**Service Mark Infringement – Lanham Act, 15 U.S.C. § 1114**

268.    Plaintiffs re-allege the allegations contained in paragraphs 1 through 267 as if fully set forth herein.

269.    Mr. Azar has continuously used the WHITEWOLF® Service Marks in interstate commerce in connection with the WHITEWOLF Services and has thereby developed significant goodwill in the marks.

270.    There is no question that Mr. Azar has priority over Defendant's use of "White Wolf."

271.    Defendant's use of "White Wolf" in connection with its operation of any of the WHITEWOLF Services, or services related to the WHITEWOLF Services, is both deceptive and confusing for consumers of those services.

272.    Defendant's use of "White Wolf" is occurring and has occurred without the consent or authorization of Mr. Azar.

273.    In fact, Defendant's use of "White Wolf" has continued despite the objections of Mr. Azar.

274.    Defendant's use of the name "White Wolf" is, upon information and belief, substantially similar to, and inclusive of, the WHITEWOLF® Service Marks and WHITEWOLF® Trade Names.

275.    Upon information and belief, the services offered by Defendant are related, if not identical, to the WHITEWOLF Services, such that consumers, familiar with the WHITEWOLF® Service Marks and seeing Defendant's "White Wolf" name for the first time, will be confused.

276.    Defendant's continued unauthorized use of the name "White Wolf" falsely creates the impression that Defendant's services originate with, or are somehow endorsed by, sponsored

29

by, or associated with Mr. Azar, his companies bearing the WHITEWOLF® Trade Names, and/or Licensee Plaintiffs, when, in fact, they are not.

277.    Defendant's unauthorized use of the name "White Wolf" is likely to cause consumers to believe, mistakenly, that the services provided by Defendant are sponsored by, endorsed by, or associated with Mr. Azar, his companies bearing the WHITEWOLF® Trade Names, and/or Licensee Plaintiffs, when, in fact, they are not.

278.    Upon information and belief, Defendant has intentionally misused and continues to intentionally misuse the WHITEWOLF Marks through its use of the name "White Wolf" to convey an immediate commercial impression that Defendant is sponsored by or affiliated with Mr. Azar, his companies bearing the WHITEWOLF® Trade Names, and/or the Licensee Plaintiffs.

279.    Defendant's adoption and use of the name "White Wolf" is not authorized or licensed by Plaintiffs.

280.    At least as early as the date on which Defendant received the First Cease and Desist, Defendant acted with full knowledge of Plaintiffs' rights in and to the WHITEWOLF® and WHITEWOLF and Design® marks with the intent to usurp Plaintiffs' rights therein.

281.    Defendant's adoption and use of the name "White Wolf" constitutes an attempt to trade unlawfully on the goodwill and reputation associated with the WHITEWOLF® and WHITEWOLF and Design® marks and Plaintiffs.

282.    As a result of this misconduct, Defendant has infringed the rights of Plaintiffs as the owner and licensees of the incontestable WHITEWOLF® Service Marks.

283.    Defendant's unauthorized use of Plaintiffs' WHITEWOLF® Service Marks through use of the name "White Wolf" constitutes infringement of Plaintiffs' exclusive rights in and to the

WHITEWOLF® Service Marks, including and not limited to infringement of Mr. Azar's federal registrations for the WHITEWOLF® Service Marks in violation of 15 U.S.C. § 1114.

284.    Upon information and belief, Defendant's actions are intentional, willful, and calculated to cause confusion, mistake, or deception, entitling Plaintiffs to enhanced damages and attorneys' fees under 15 U.S.C. § 1117.

285.    As a result of Defendant's violation of 15 U.S.C. § 1114, Plaintiffs are entitled to destruction of labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendant bearing the name "White Wolf," in accordance with 15 U.S.C. § 1118.

286.    As a result of Defendant's misconduct, Plaintiffs' goodwill has been damaged, and Plaintiffs are entitled to recover for the injuries sustained, including, and not limited to, Defendant's profits from the sale of infringing goods and/or services, actual damages, corrective advertising damages, costs of this litigation, and attorneys' fees associated with this litigation.

287.    Plaintiffs have no adequate remedy at law.

288.    Defendant's conduct caused, and will continue to cause, damage and irreparable harm to Plaintiffs unless this Court enjoins Defendant.

289.    Therefore, Plaintiffs are also entitled to permanent injunctive relief.

## COUNT II
### Common Law Service Mark and Trade Name Infringement – Florida Common Law

290.    Plaintiffs re-allege the allegations contained in paragraphs 1 through 289 as if fully set forth herein.

291.    Plaintiffs own common law rights in the WHITEWOLF® Service Marks.

292.    At least as early as January 15, 2011, Mr. Azar began to use some of the WHITEWOLF® Service Marks in interstate commerce.

293.    At least as early as July 29, 2014, Mr. Azar was using the Florida Trade Names in Florida.

294.    At least as early as January 2011, Mr. Azar began to use certain of the WHITEWOLF® Trade Names.

295.    At least as early as June 1, 2014, Mr. Azar had begun to use all of the WHITEWOLF® Service Marks in commerce.

296.    Mr. Azar has continuously used the WHITEWOLF® Service Marks and Trade Names in commerce in connection with the WHITEWOLF Services and Plaintiffs have thereby developed significant goodwill in the WHITEWOLF® Service Marks and Trade Names.

297.    Mr. Azar has priority of use over Defendant's use of the name "White Wolf."

298.    Defendant's use of the name "White Wolf Enterprise LLC" is both deceptive and confusing for consumers of any of the types of services, and/or related services, covered by the WHITEWOLF Services.

299.    Defendant's use of a trade name confusingly similar to the WHITEWOLF® Service Marks and Trade Names is occurring and has occurred without the consent or authorization of Plaintiffs.

300.    Defendant's use of the name "White Wolf" in advertising and business transactions is use of a name that is substantially similar in sound, commercial impression, appearance, and meaning to Plaintiffs' WHITEWOLF® Service Marks and Trade Names.

301.    Upon information and belief, the services offered by Defendant are related, if not identical, to the WHITEWOLF Services.

302.    Defendant's continued unauthorized use of the name "White Wolf" falsely creates the impression that Defendant's services originate with, or are somehow endorsed by, sponsored

by, or associated with Mr. Azar, his companies bearing the WHITEWOLF® Trade Names, and/or Licensee Plaintiffs, when, in fact, they are not.

303.    Defendant's unauthorized use of the name "White Wolf" is likely to cause consumers to believe, mistakenly, that the services provided by Defendant is sponsored by, endorsed by, or associated with, Mr. Azar, his companies bearing the WHITEWOLF® Trade Names, and/or Licensee Plaintiffs, when, in fact, they are not.

304.    Upon information and belief, Defendant has intentionally misused and continues to intentionally misuse the name "White Wolf" to convey an immediate commercial impression that Defendant is sponsored by or affiliated with Mr. Azar, his companies bearing the WHITEWOLF® Trade Names, and/or Licensee Plaintiffs.

305.    Defendant's adoption and use of a confusingly similar name to WHITEWOLF® is not authorized or licensed by Plaintiffs.

306.    At least as early as the date on which Defendant received the First Cease and Desist, Defendant acted with full knowledge of Plaintiffs' rights in and to the WHITEWOLF® and WHITEWOLF and Design® marks with the intent to usurp Plaintiffs' rights therein.

307.    Defendant's adoption and use of a confusingly similar name to the WHITEWOLF® Service Marks and Trade Names constitutes an attempt to trade unlawfully on the goodwill and reputation associated with the WHITEWOLF® Service Marks and Trade Names.

308.    As a result of this misconduct, Defendant has infringed the rights of Plaintiffs as the owner and licensees of the WHITEWOLF® Service Marks and Trade Names.

309.    As a result of Defendant's misconduct, Plaintiffs' goodwill has been damaged, and Plaintiffs are entitled to recover for the injuries sustained, including, and not limited to, Defendant's profits from the sale of infringing goods and/or services, actual damages, punitive

damages, corrective advertising damages, costs of this litigation, and attorneys' fees associated with this litigation.

310.     Plaintiffs have no adequate remedy at law.

311.     Defendant's conduct caused, and will continue to cause, damage and irreparable harm to Plaintiffs unless this Court enjoins Defendant.

312.     Therefore, Plaintiffs are also entitled to permanent injunctive relief.

<u>**COUNT III**</u>
**False Designation of Origin and Unfair Competition – Lanham Act, 15 U.S.C. § 1125(a)**

313.     Plaintiffs re-allege the allegations contained in paragraphs 1 through 312 as if fully set forth herein.

314.     Upon information and belief, Defendant uses "White Wolf" in its name, advertising, and promotional material in a manner that allows the company to appear to customers to be associated with the source of the WHITEWOLF Services.

315.     Upon information and belief, Defendant uses "White Wolf" in its name, advertising, and promotional material in a manner that allows the company to appear to customers to be associated with the source of the WHITEWOLF Services.

316.     This representation by Defendant constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact that is: (a) likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of Defendant's goods and/or services or commercial activities; or (b) in commercial advertising or promotion, likely to misrepresent the nature, characteristics, qualities, or geographic origin of Defendant's goods and/or services or commercial activities.

34

317.   Defendant's representation, advertising, and promotion of its business does not provide consumers with sufficient cues to the consumer to prevent the mistaken belief by consumers that the business is associated with Plaintiffs and/or any of Plaintiffs' companies bearing the WHITEWOLF® Trade Names.

318.   Those actions constitute a false designation of origin, false or misleading description of fact, or false or misleading representation of fact that is: (a) likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of Defendant's goods and/or services or commercial activities; or (b) in commercial advertising or promotion, likely to misrepresent the nature, characteristics, qualities, or geographic origin of Defendant's goods and/or services or commercial activities.

319.   Defendant's use of a name confusingly similar to the WHITEWOLF® and WHITEWOLF and Design® marks is occurring and has occurred without the consent or authorization of Plaintiffs.

320.   As a result of this misconduct, Defendant has violated the rights of Plaintiffs as the owner and licensees of the WHITEWOLF® Service Marks and Trade Names.

321.   Defendant's use of "White Wolf" without sufficient cues to consumers that there is no affiliation with any of the WHITEWOLF® Service Marks and Trade Names is misleading in context.

322.   Upon information and belief, at least as early as the date on which Defendant received the First Cease and Desist, Defendant's actions have been intentional, willful, and calculated to cause confusion, mistake or deception, entitling Plaintiffs to enhanced damages and attorneys' fees under 15 U.S.C. § 1117.

35

323.    As a result of Defendant's misconduct, Plaintiffs have been damaged and are entitled to recover for the injuries sustained, including, and not limited to, Defendant's profits from the sale of infringing goods and/or services, actual damages, punitive damages, corrective advertising damages, costs of this litigation, and attorneys' fees associated with this litigation.

324.    Plaintiffs have no adequate remedy at law.

325.    Defendant's conduct caused, and will continue to cause, damage and irreparable harm to Plaintiffs unless this Court enjoins Defendant.

326.    Therefore, Plaintiffs are also entitled to permanent injunctive relief.

<u>COUNT IV</u>
**Unfair Competition – Florida Common Law**

327.    Plaintiffs re-allege the allegations contained in paragraphs 1 through 326 as if fully set forth herein.

328.    Mr. Azar continuously used the WHITEWOLF® Service Marks in commerce in connection with businesses providing any of the WHITEWOLF Services since at least as early as January 2011.

329.    At that same time, January 2011, Mr. Azar began to use certain of the WHITEWOLF® Trade Names.

330.    At least as early as June 1, 2014, Mr. Azar had begun to use all of the WHITEWOLF® Service Marks in commerce.

331.    The strong consumer association with Plaintiffs as the source of the WHITEWOLF Services created by the WHITEWOLF® Service Marks has made the mark distinct and indicates the source of the WHITEWOLF Services to consumers.

332.    Over the course of a decade, Mr. Azar has expanded his use of the WHITEWOLF® Service Marks and Trade Names from designating one private investment firm as the source of the

36

WHITEWOLF Services to a financial and investment services empire with three offices in two different countries providing those WHITEWOLF Services.

333.    Through such continuous and extensive use, Plaintiffs have acquired significant goodwill in the WHITEWOLF® Trade Names and the WHITEWOLF Service Marks.

334.    Defendant has engaged in unfair competition against Plaintiffs.  These acts have included, and are not limited to, the following particular misdeeds.

335.    Defendant uses "White Wolf" in the course of its business as part of its name, advertising, and promotional material in a manner that allows the business to appear to customers to be associated with the source of the WHITEWOLF Services.

336.    This causes a likelihood of consumer confusion or misunderstanding as to: (a) the source, sponsorship, approval, or certification of Defendant's goods and/or services by Plaintiffs; and (b) an affiliation, connection, or association between Defendant and Plaintiffs.

337.    Defendant's representation, advertising, and promotion of its business does not provide consumers with sufficient cues to the consumer to prevent the mistaken belief by consumers that the business is associated with any of the companies bearing the WHITEWOLF® Trade Names that operate within the United States and, specifically, within Florida.

338.    Those actions constitute misappropriation undertaken in the course of Defendant's business that causes likelihood of confusion or misunderstanding as to:  (a) the source, sponsorship, approval, or certification of Defendant's goods and/or services by Plaintiffs; and/or (b) an affiliation, connection, or association between Defendant and Plaintiffs.

339.    Upon information and belief, as a proximate cause of its unlawful conduct, Defendant has or will receive substantial profits to which it is not entitled.

340.     Defendant has competed unfairly with Plaintiffs and has realized unjust profits in an amount to be established at trial.

341.     Upon information and belief, Defendant's actions are intentional, willful, and calculated to cause confusion, mistake, or deception.

342.     As a result of Defendant's conduct, Plaintiffs have been damaged and are entitled to recover for the injuries sustained, including, and not limited to, Defendant's profits from the sale of infringing goods and/or services, actual damages, punitive damages, corrective advertising damages, costs of this litigation, and attorneys' fees associated with this litigation.

343.     Plaintiffs have no adequate remedy at law.

344.     Further, Defendant has caused irreparable injury to Mr. Azar's reputation and goodwill, and/or the reputation and goodwill of the Licensee Plaintiffs, and, unless enjoined, Defendant will continue its acts of unfair competition.

345.     Plaintiffs are therefore also entitled to preliminary and permanent injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

A.     Enter judgment that Defendant has infringed Plaintiffs' rights in the WHITEWOLF® Service Marks, including Plaintiffs' federal statutory and common law rights therein and arising therefrom;

B.     Enter judgment that Defendant has infringed Plaintiffs' rights in the WHITEWOLF® Trade Names, including Plaintiffs' federal statutory and common law rights therein;

C.     Enter judgment that Defendant has engaged in unfair competition in the nature of a false designation of origin in violation of Lanham Act, 15 U.S.C. § 1125(a);

D.     Enter judgment that Defendant has engaged in unfair competition in violation of Florida common law.

E.     Permanently enjoin Defendant, its officers, agents, representatives, employees, and those persons acting in concert or participation with them, from using the WHITEWOLF® Service Marks and Trade Names or any marks or names confusingly similar thereto in connection with any of Defendant's goods and/or services;

F.     Order Defendant to pay actual damages that Plaintiffs have suffered as a result of Defendant's infringement, false designation of origin, and unfair competition as provided for by federal and state statutes and common law, including and not limited to 15 U.S.C. § 1117(a) and Florida common law.

G.     Order Defendant to disgorge all profits attributable to its infringement, false designation of origin, and unfair competition as provided for by federal statutes and common law, including and not limited to 15 U.S.C. § 1117(a);

H.     Order Defendant to deliver and/or destroy all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendant bearing the registered mark as provided for by 15 U.S.C. § 1118;

I.     Order Defendant to provide corrective advertising on its website and in its business location(s);

J.     Grant Plaintiffs enhanced damages, punitive damages, attorneys' fees, and costs as provided for by federal and state statutes, including and not limited to 15 U.S.C. § 1117 and Florida common law.

K.     Grant further equitable relief in order to enjoin the harm caused by Defendant;

L.    Grant Plaintiffs prejudgment and post-judgment interest; and

M.    Grant such other and further relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ John A. Camp*
John A. Camp
Florida Bar Number 848115
Ice Miller LLP
7300 Biscayne Boulevard, Suite 200
Miami, Florida 33138
Phone:  305-341-9055
John.Camp@icemiller.com

Holiday W. Banta
(Not admitted in this jurisdiction; *pro hac vice*
forthcoming)
Jessa DeGroote
(Not admitted in this jurisdiction; *pro hac vice*
forthcoming)
Ice Miller LLP
One American Square, Suite 2900
Indianapolis, IN 46282
Phone:  317-236-5882
Facsimile:  317-592-4226
H.Banta@icemiller.com
Jessa.DeGroote@icemiller.com

40